Case 2:22-cv-02515-ENV-ARL    Document 14    Filed 01/31/23    Page 1 of 12 PageID #: 145

FILED
CLERK
1/31/2023 8:55 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FULLSEND, INC.,

                        Plaintiff,

          -against-

CANNAFELLAS, INC.,

                        Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-2515 (ENV) (ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Vitaliano for a report and recommendation on the motion for default judgment filed by Fullsend, Inc. ("Plaintiff") following the clerk's entry of a default against defendant Cannafellas, Inc. ("Defendant"). In support of the motion Plaintiff has submitted the Affidavit of Andrew Bochner in Support of Plaintiff's Motion for Default Judgment ("Bochner Aff.") along with Plaintiff's Memorandum of Law in Support of its Motion for Default Judgment Against Defendant Cannafellas, Inc. ("Pl. Mem."). Despite being served with the motion, Defendant has not submitted papers in opposition. For the reasons set forth below, the undersigned recommends that the default judgment be denied without prejudice with respect to liability on Plaintiff's claims of trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), Counts I & III, Common Law Unfair Competition, Count II, Passing Off, Count V and denied with prejudice on Plaintiff's claim of unfair competition, Count IV. In light of the foregoing recommendation, the undersigned further recommends that the motion for damages be denied without prejudice.

**BACKGROUND**

Plaintiff filed its Complaint in this matter on May 3, 2022. ECF No. 1. The Complaint asserts claims for violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Unfair Competition, False Designation of Origin, False Advertising, and Passing Off under New York Common Law. *Id*. Defendant was served the Summons and Complaint upon its designated agent for service of process, the New York State Secretary of State, on May 9, 2022. ECF No. 6. Defendant failed to answer, or otherwise respond, and, on August 11, 2022, the clerk entered default. ECF No. 10. Defendant was served with Plaintiff's request for Certificate of Default on August 9, 2022. *See* Bochner Aff. ¶¶ 7-8. By motion dated September 2, 2022, Plaintiff moved for entry of default judgment, consisting of a permanent injunction, a monetary award, and attorneys' fees and costs against Defendant. ECF No. 11. By Order dated September 6, 2022, Judge Vitaliano referred the motion to the undersigned for a report and recommendation.

On January 5, 2023, the undersigned directed Plaintiff to show cause in writing as to why this matter should not be dismissed as duplicative of *Fullsend, Inc. v. Cannafellas Group, Inc., Kashicbd Inc., Scott Cicerone, and Giacomo Pampinella*, No. 22-CV-3741 (ENV) (JMW). As noted by the Court, the Complaint in 22-CV-3741 is based upon the same allegedly infringing product, asserts the same (and several additional) causes of action and seeks the same relief. The address for the corporate defendant, Cannafellas, Inc., in this action is listed as 5 Croydon Ct., Dix Hills, NY, 11746. In 22-CV-3741, the address for Cannafellas Group Inc., (defendant in the 22-CV-3741 action) is listed as 65 Deer Park Ave, Babylon, NY, 11702 and the address of Giacomo Pampinella, the alleged owner of Cannafellas Group, Inc. is listed as 5 Croydon Ct., Dix Hills, NY, 11746, the same address listed for Cannafellas Inc. in the action before this Court. Plaintiff responded that the action should not be dismissed because Cannafellas Group, Inc. and Giacomo Pampinella have both contended that Defendant Cannafellas Inc. has no affiliation with

2

Cannafellas Group Inc.  Plaintiff points to an assertion in defendants' verified answer in the 22-CV-3741 action as "[f]or further clarification, one of the co-defendants Giacomo Pampinella, had created and then dissolved 'Cannafellas Inc.' which was dissolved prior to the lawsuit, and never marketed, made, created, prior to the instant lawsuit, and which has no affiliation with 'Cannafellas Group Inc., d/b/a Cannafellas Brands.'"  Plaintiff's Response to Order To Show Cause at 3.

Plaintiff's claims in both actions arise out of the "time, effort and resources spent by Plaintiff developing, marketing and protecting its mark,"



(the "Mark").  Compl. at ¶¶ 9-11.  According to Plaintiff, in an attempt to profit off of Plaintiff's reputation and goodwill, Defendant has conducted a scheme of producing and selling products bearing the Infringing Mark,



thereby preventing lawful sales of the Plaintiff's Products.

## DISCUSSION

**A. Standard on Default Judgment**

3

Rule 55(a) of the Federal Rules of Civil Procedure ("Rule") confers on courts the discretion to enter default judgment against a party for failure to "plead or otherwise defend" and establishes a two-step process regarding default judgments. Fed. R. Civ. P. 55(a). First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

### B. Trademark Infringement, False Designation of Origin and Unfair Competition

Plaintiff has asserted claims for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), Counts I & III, as well as a claim for

4

Common Law Unfair Competition, Count II. The Lanham Act "protects the rights of the first user of a trademark," " by barring a later user from employing a confusingly similar work, likely to deceive purchasers as to the origin of the later user's product, and one that would exploit the reputation of the first user." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc*., 702 F. Supp. 2d 104, 112-13 (E.D.N.Y. 2010)(internal citations omitted). To state a claim under the Lanham Act for trademark infringement, unfair competition, and false designation of origin, a plaintiff must establish that: (1) [plaintiff] owns a valid mark entitled to protection under the Lanham Act; (2) defendant used the protected mark in commerce, without plaintiff's consent; and (3) defendant's use of that mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Lopez v. Nike, Inc*., 20-CV-905 (PGG) (JLC), 2021 U.S. Dist. LEXIS 7583, 2021 WL 128574, at *4 (S.D.N.Y. Jan. 14, 2021); *see also Thoip v. Walt Disney Co.,* 736 F. Supp. 2d 689, 702-03 (S.D.N.Y. 2010) ("'A claim of trademark infringement . . . is analyzed under [a] familiar two-prong test . . . [which] looks first to whether the plaintiff's mark is entitled to protection, and second to whether defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods.'" (quoting *Virgin Enters. Ltd. v. Nawab,* 335 F.3d 141, 146 (2d Cir.2003))).

  Nowhere in the Complaint does Plaintiff assert that it is the owner of a federally registered trademark which would have been *prima facie* evidence of Plaintiff's exclusive right to use the Mark in commerce. *See Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008)(citing *Gruner + Jahr USA Publ'g v. Meredith Corp*., 991 F.2d 1072, 1076 (2d Cir.1993)). Rather, in the Complaint Plaintiff states it has spent considerable time, effort and resources developing, marketing and protecting the Mark. Compl. ¶¶ 9-11. Thus, the Court is presuming Plaintiff is claiming protection for an unregistered mark. Section 43(a) of the

5

Lanham Act, "creates a cause of action for infringement of unregistered []marks." *Silberstein v. Fox Entm't Grp., Inc.*, 424 F. Supp. 2d 616, 632 (S.D.N.Y. 2004); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992) (noting that it "is common ground that § 43(a) protects qualifying unregistered trademarks").

As a threshold matter, the Court must first consider whether the Mark is entitled to protection. *See EMI Catalogue P'ship v. Hill, Holliday, Connors, Cosmopulos Inc.*, 228 F.3d 56, 62 (2d Cir. 2000) (noting that to state a claim under section 43(a), a plaintiff "must show that it owns a valid trademark eligible for protection."). For an unregistered mark to be protectable under Section 43(a), the mark must be either "inherently distinctive, i.e., intrinsically capable of identifying its source, or . . . ha[ve] acquired secondary meaning." *Louis Vuitton Malletier v. Dooney & Bourke, Inc.,* 454 F.3d 108, 115-16 (2d Cir. 2006) (quotation omitted); *see also Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768-79, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992). "To determine whether a mark is valid and protectible, courts will first classify the mark as generic, descriptive, suggestive, arbitrary, or fanciful." *Kid Car NY,* 518 F. Supp. 3d at 750 (citing *Lane Capital Mgmt., Inc. v. Lane Capital Mgmt., Inc.*, 192 F.3d 337, 344-45 (2d Cir. 1999)). The categories assess "the distinctiveness of the mark" to determine whether the mark is "capable of distinguishing the products it marks from those of others." *Lane Capital Mgmt.*, 192 F.3d at 344. The Second Circuit has defined the categories of marks as follows:

> A mark is generic if it is a common description of products and refers to the genus of which the particular product is a species. A mark is descriptive if it describes the product's features, qualities, or ingredients in ordinary language or describes the use to which the product is put. A mark is suggestive if it merely suggests the features of the product, requiring the purchaser to use imagination, thought, and perception to reach a conclusion as to the nature of the goods. An arbitrary mark applies a common word in an unfamiliar way. A fanciful mark is not a real word at all, but is invented for its use as a mark.

6

*Id.* (citing *Genesee Brewing Co., Inc. v. Stroh Brewing Co.,* 124 F.3d 137, 143 (2d Cir. 1997)). In the Complaint, Plaintiff simply alleges that "Plaintiff's Asserted Mark has acquired distinctiveness due to its extensive use in commerce." Compl. ¶18. However, Plaintiff has failed to provide any factual allegations supporting this naked legal conclusion.

Moreover, "without the presumption of ownership that accompanies registration, *see* 15 U.S.C. §§ 1057(c), 1115(a), the standard test of ownership of a mark is priority of use in commerce." *Kohler Co. v. Bold Int'l FZCO*, 422 F. Supp. 3d 681, 733-34 (E.D.N.Y. 2018) (citing *Threeline Imports, Inc. v. Vernikov,* 239 F.Supp.3d 542, 557-58 (E.D.N.Y. 2017) (collecting cases)). Plaintiff here has alleged that it uses the Mark on products in commerce. Compl. ¶ 20. However, Plaintiff has failed to allege that its use of the Mark preceded use by Defendant. In the memorandum submitted in support of Plaintiff's motion for default judgment, as well as in the Complaint, Plaintiff has done nothing more than recite the elements of a claim under the Lanham Act, without providing any factual background for the claim.

"[A]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Leider v. Ralfe*, No. 01 Civ. 3137, 2004 U.S. Dist. LEXIS 15345, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004); *Board of Trustees of Trucking Employees v. Canny*, 876 F. Supp. 14, 17 (N.D.N.Y. 1995). ("the court need not accept mere conclusions of law, but rather should only accept the pleader's description of what happened along with any conclusions that can reasonably be drawn therefrom"). Liability "does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide proper bases for liability and relief." *Janus v. Regalis Const., Inc.*, 11-CV-5788 (ARR) (VVP), 2012 U.S. Dist. LEXIS 127008, at *5, 2012 WL 3878113 (E.D.N.Y.

7

2012).  Given the absence of a single fact supporting Plaintiff's conclusory statements regarding its use of the Mark, Plaintiff has failed to allege that it is the owner of a valid mark.[1]  Accordingly, the undersigned respectfully recommends that the Court deny, without prejudice, Plaintiff's motion for default judgment on its claims of trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) as well as common law unfair competition.

### C. **False Advertising**

Plaintiff also asserts a claim for false advertising.  Count IV, Compl. ¶¶ 33-36.  The Complaint does not specify whether Plaintiff is asserting a claim for false advertising under the Lanham Act or New York law, but the Complaint does not cite the New York statute governing false advertising, New York General Business Law (the "NYGBL") §350-a, as a basis for jurisdiction.  However, in its memorandum of law in support of the motion for default judgment Plaintiff states its claims arises under Section 350 of the NYGBL, therefore, the Court presumes Plaintiff is asserting its claim for false advertising under New York Law.[2]  Pl. Mem. at 8.

"[T]he elements for alleging deceptive business practices and false advertising under the General Business Law are similar to Lanham Act claims, except that the state statute's threshold for liability 'is actually higher, as there must be specific and substantial injury to the public interest over and above the ordinary trademark infringement.'" *Chanel, Inc. v. WGACA, LLC, et al.,* No. 18-cv-2253, 2022 U.S. Dist. LEXIS 55880, 2022 WL 902931, at *13 (S.D.N.Y. March 28, 2022) (quoting W*eight Watchers Inc. v. Noom, Inc.*, 403 F. Supp. 3d 361, 381 (S.D.N.Y.

---

[1] "[W]here a plaintiff cannot establish that its mark is entitled to protection, a court need not consider whether a defendant's use of a similar mark is likely to cause confusion." *Morgans Group*, 2012 U.S. Dist. LEXIS 46525, 2012 WL 1098276, at *4.

[2] In the Complaint, Plaintiff cites NYGBL Sections 349, deceptive practices, and 368(d), which was repealed in 1996.

8

2019); *Chanel, Inc. v. RealReal, Inc.*, 449 F. Supp. 3d 422, 446 (S.D.N.Y. 2020)). Most courts in this district have concluded that injury to the public interest requires an injury over and above ordinary trademark infringement. *See, e.g., Skyrocket, LLC v. 2791383638*, 18 Civ. 11279 (AT), 2022 U.S. Dist. LEXIS 110807, 2022 WL 2237489 (S.D.N.Y. June 22, 2022) (denying motion for default judgment on claims brought under deceptive acts and practices and false advertising, N.Y. Gen. Bus. L. §§ 349-50 because "infringement claims are not cognizable under the[] statute[] unless there is a specific and substantial injury to the public interest over and above the ordinary trademark infringement or dilution") (quoting *Nat'l Distillers Prods. Co., LLC v. Refreshment Brands, Inc.*, 198 F. Supp. 2d 474, 486-87 (S.D.N.Y. 2002)); *Vedder Software Grp. Ltd. v. Ins. Servs. Offices*, No. 1:11-CV-00369 (GTS/CFH), 2013 U.S. Dist. LEXIS 202852, 2013 WL 12121098 (N.D.N.Y. Mar. 22, 2013) ("trademark infringement claims are not cognizable under N.Y. Gen. Bus. Law § 349 unless there is a specific and substantial injury to the public interest beyond ordinary trademark infringement or dilution, and an allegation that the consuming public has been deceived is not enough to state a claim because the alleged injury is not distinct from the harm that trademark laws seek to redress"); *Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F. Supp. 2d 410, 413 n.2 (S.D.N.Y. 2002) ("the majority have held that trademark cases are outside the scope of this general consumer protection statute"); *DePinto v Ashley Scott, Inc.*, 222 A.D.2d 288, 635 N.Y.S.2d 215, 1995 N.Y. App. Div. LEXIS 12868 (N.Y. App. Div. 1st Dep't 1995) (dismissing NYGBL claims based on theories of trademark infringement and unfair competition involving alleged use of confusing labels in manufacture of women's coats, which does not pose significant risk of harm to public health or interest). Even if Plaintiff had adequately alleged it possessed a valid trademark, Plaintiff here has alleged nothing more than ordinary trademark infringement. Accordingly, the undersigned respectfully

9

recommends that Plaintiff's motion for default judgment on its claim of false advertising under the NYGBL be denied with prejudice.

D. **Common Law Passing Off**

Plaintiff's final claim is for "passing off" under New York common law. ECF No. 1, Count V. Under New York law a claim for passing off is a type of unfair competition. *See, e.g., SA Luxury Expeditions, LLC v. Schleien*, No. 22-CV-3825 (VEC), 2022 U.S. Dist. LEXIS 155127, 2022 WL 3718310 (S.D.N.Y. Aug. 29, 2022) ("[t]he New York tort of unfair competition generally covers three categories of conduct: passing off one's goods as those of another, engaging in activities solely to destroy a rival, and using methods themselves independently illegal") (internal quotations omitted); *Kwan v. Schlein*, 441 F. Supp. 2d 491, 502 (S.D.N.Y. 2006) ("Claims for unfair competition under New York law typically fall into one of two categories: passing off, or malicious or fraudulent interference with good will."). "[T]o state a claim for New York common law unfair competition, the party making the claim must demonstrate that (1) it possesses a valid, protectible mark; and (2) that the result of the defendant's alleged use is a likelihood of confusion between the marks of the alleged infringer and the charging party." *ESPN, Inc. v. Quiksilver, Inc.*, 586 F. Supp. 2d 219, 230 (S.D.N.Y. 2008) (internal citations omitted). New York unfair competition law also includes "some element of bad faith." [3] *Id. See Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 408 (2d Cir. 1997) ("[T]he essence of unfair competition is the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the

---

[3] "Courts in this circuit have consistently held that '[t]o establish a claim for common law unfair competition, the plaintiff must state a Lanham Act claim coupled with a showing of bad faith or intent.'" *Josie Maran Cosmetics, LLC v. Shefa Grp. LLC*, No. 20-cv-3702, 2022 U.S. Dist. LEXIS 150378, 2022 WL 3586746 (E.D.N.Y. Aug. 22, 2022) (quoting *Innovation Ventures, LLC v. Ultimate One Distrib. Corp.,* 176 F. Supp. 3d 137, 157 (E.D.N.Y. 2016)); *see also Kid Car NY, LLC v. Kidmoto Techs. LLC,* 518 F. Supp. 3d 740, 753 (S.D.N.Y. 2021) ("The elements of a federal trademark-infringement claim and a New York unfair competition claim are almost indistinguishable, except that New York requires an additional element of bad faith.").

origin of the goods.") (quoting *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995)).  As discussed above, Plaintiff has failed to allege facts indicating it "possesses a valid, protectable mark" and Plaintiff has not alleged Defendant has acted in bad faith.

In addition, a claim for unfair competition under New York law must allege special damages by identifying actual losses and their causal relationship to the alleged tortious act. *Waste Distillation Tech., Inc. v. Blasland & Bouck Eng'rs, P.C.,* 136 A.D.2d 633, 634, 523 N.Y.S.2d 875 (2d Dep't 1988); *see also eCommission Solutions, LLC v. CTS Holdings Inc.,* No. 18-1672-cv, 2019 U.S. App. LEXIS 15693, 2019 WL 2261457(2d. Cir. May 28, 2019) ("Under New York law, "damages" is an essential element of unfair competition claims"); *Beyond 79, LLC v. Express Gold Cash, Inc.,* No. 6:19-cv-06181 EAW, 2020 U.S. Dist. LEXIS 235404 (W.D.N.Y. Dec. 15, 2020) (dismissing unfair competition claim for failure to allege special damages).  "Special damages are 'limited to losses having pecuniary or economic value, and must be fully and accurately stated, with sufficient particularity to identify actual losses.'" *Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 292 (S.D.N.Y. 2016) (quoting *Kirby v. Wildenstein*, 784 F. Supp. 1112, 1116 (S.D.N.Y. 1992)). "[G]eneral allegations of lost sales from unidentified customers are insufficient" and "[r]ound figures or a general allegation of a dollar amount . . . will not suffice." *Dentsply Int'l Inc. v. Dental Brands for Less, LLC*, No. 15 Civ. 8775, 2016 U.S. Dist. LEXIS 149139, 2016 WL 6310777, at *6 (S.D.N.Y. Oct. 27, 2016).  Plaintiff has failed to allege special damages.  In light of these deficiencies, the undersigned respectfully recommends that Plaintiff's motion for default judgment on Plaintiff's claim of passing off be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Plaintiff must file its objections in writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Vitaliano prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996). Counsel for Plaintiff is directed to serve a copy of this Order upon Defendant forthwith and file proof of service on ECF.

Dated: Central Islip, New York
January 31, 2023

                                                                                               /s/
                                                        ARLENE R. LINDSAY
                                                        United States Magistrate Judge